ALBERT M. JORDAN v. IRENE MOORE ET AL.

Argued November 2, 1910—Decided February 27, 1911.

Unless a writ of attachment could lawfully issue against a deceased debtor immediately prior to his death, it may not issue against his non-resident devisee for a debt of the deceased.

---

On rule to show cause why a writ of attachment should not be quashed.

Before Justices REED, PARKER and BERGEN.

For the rule, *Thompson & Cole.*

*Contra, John J. Crandall.*

The opinion of the court was delivered by

BERGEN, J. The defendants in this cause are devisees of I. Whilden Moore, deceased, who, in and by his last will and testament devised certain lands situate in this state to his widow for life with remainder to his two children. The testator was, at the time of his death, and for some years prior thereto, had been continuously, a resident of this state. The writ of attachment, which it is now moved to quash, was issued against his devisees for a debt due from the testator to the plaintiff, and was levied upon the interest of the widow and children in the lands devised to them by the deceased. A rule was allowed requiring plaintiff to show cause why the writ should not be quashed, and it is now urged that the rule be made absolute.

The only authority for a writ of attachment against devisees for the debt of their testator is to be found in section 5 of our Attachment act (*Pamph. L.* 1901, *p.* 159), which enacts that attachments may issue for the debt, of a deceased debtor against his devisee "in all cases in which the writ might have issued against such debtor immediately prior to his decease, and all real estate descended from or devised by him to the heir or devisee may be attached." As it appears in this case that the debtor was, at the time of his death, a resident of this state against whom a writ of this character could not lawfully issue immediately prior to his death, the act affords no support for this writ.

The rule to show cause is made absolute and the writ will be quashed, with costs.